NO. 14-1830

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

v.

DON ELBERT, II
Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
THE HONORABLE BRIAN C. WIMES, DISTRICT JUDGE

ADDENDUM

Robin D. Fowler    #000348
BATH & EDMONDS, P.A.
7944 Santa Fe Drive
Overland Park, KS  66204
Phone: (913) 652-9800
Fax:    (913) 649-8494
Attorney for Don Elbert, II

# MEMORANDUM

Re: Elbert, Don L

Case No. 06-00257-01-CR-W-ODS

### Violation Report - Warrant Recommended



November 22, 2013

TO THE HONORABLE ORTRIE D. SMITH
    SENIOR U.S. DISTRICT JUDGE:

## Sentencing History

Offense:     Sex Trafficking of a Child

Date Sentence Imposed:    1/10/2008    Sentence Imposed:    96 months custody
    15 years TSR
    $100 MSA
    $524,571.76 Restitution

Special Conditions:
    Financial Restrictions
    Financial Disclosure
    Pay Restitution During the First 174 Months of Supervision.
    Substance Abuse Treatment and Testing
    Mental Health Treatment
    Search and Seizure
    Satisfy Warrant/Pending Charges
    Not Associate with Persons Under 18
    No Contact with the Victim(s)
    Sex Offender Registration

Date Supervision Began:    9/12/2013    Expiration Date:    9/11/2028

## Alleged Violation

**Violation of Mandatory Condition**, which reads, "The defendant shall not commit another federal, state, or local crime."

**Violation of Standard Condition**, which reads, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

Exhibit 1

**Violation of Standard Condition**, which reads, "The defendant shall notify the probation officer ten days prior to any change in residence or employment."

On July 27, 2006, federal laws pertaining to sex offender registration were enacted under the Sex Offender Registration and Notification Act (SORNA), which established national mandates and guidelines for the registration of convicted sexual offenders, and required state implementation of criminal penalties for noncompliance. Among other things, the Act mandates, pursuant to 42 U.S.C. 16913(113)(c); (115)(a); and (116); that no later than three business days after each change of residence, the offender must report to the registering authority and inform the jurisdiction of the change in information.

As referenced above, Elbert is currently serving a term of supervised release for a qualifying sex offense. Based on that conviction, on September 12, 2013, Elbert was instructed by the Probation Office as to his duty to register and ongoing obligations. Additionally, he signed an Offender Notice and Acknowledgement of Duty to Register as a Sex Offender form outlining the legal requirements. At that time, Elbert reported he would establish residency at the City Union Mission, 1108 East 10th Street, Kansas City, Missouri. He subsequently reported to the Jackson County, Missouri, Sheriff's Department, Sex Offender Registration Unit (SORU) and registered this location as his official residence.

On September 27, 2013, the Probation Office met with a City Union Mission official in order to confirm Elbert's residence. The official advised their records indicated Elbert had never stayed at the Mission. That day, the Probation Office met with Elbert at his work site and questioned him as to his residency. Elbert stated that although he had checked himself in, he often left to sleep in his car due to issues of theft. At that time, Elbert was advised he was in violation of his previous instructions and possibly the law. In an effort to resolve the issue, the Probation Office agreed to immediately investigate a new home plan, with the understanding that Elbert would be required to spend seven nights per week at the residence, if approved.

That date, an investigation was completed and Elbert was approved to reside with his uncle at 607 West 101st Terrace, Kansas City, Missouri. At the conclusion of the investigation Elbert was contacted and informed he should move in after work and to register the change of residence within 72 hours. On September 30, 2013, Elbert reported to the SORU and registered as required.

On October 28, 2013, the Probation Office met Elbert at 607 West 101st Terrace, Kansas City, Missouri. At that time, it appeared Elbert was not residing at the residence as he did not have a key to the front door nor his assigned bedroom, which was also locked an inaccessible to Elbert. Again, Elbert was questioned about his residency and activities. He subsequently admitted he had been spending nights away from the house because he was not always able to contact his uncle when he arrived in the evening, and without a key he couldn't enter the house. Once again, Elbert was instructed as to his supervision expectations and legal requirements. He was instructed to immediately begin permanent residency at the house.

On November 20, 2013, the Probation Office conducted a home visit at Elbert's approved and registered residence, 607 West 101st Terrace, Kansas City, Missouri. Elbert's uncle was contacted and reported Elbert had not spent a night at the house since this officer's last contact,

which occurred on October 28, 2013. He advised Elbert had some clothing at the residence but had only spoken to him occasionally via telephone.

As of the date of this report, Elbert has failed to notify this officer of a change in residence and his official residence for purposes of his sex offender registration remains at 607 West 101st Terrace, Kansas City, Missouri.

> **Violation of Special Condition, which reads, "The defendant shall successfully participate in any mental health counseling program as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office."**

On September 12, 2013, Elbert was instructed as to the conditions of release. At that time, he was advised he would be referred to Clinical Associates to address the above-cited condition. A referral was made and Elbert was scheduled to attend an assessment on September 25, 2013. He failed to make that appointment, citing transportation issues. At that time, he was instructed to contact the provider and arrange another appointment.

On October 28, 2013, this officer contacted Elbert at his residence due to his failure to reschedule his assessment. At that time, Elbert was provided the contact information for Clinical Associates and instructed to call the provider and schedule his assessment. To date, Elbert has yet to contact the provider.

### Previous Violations in Instant Supervision

None

### Supervision Adjustment

Elbert has been under supervision for less than three months. He is employed, is being drug tested and has completed a substance abuse assessment.

As referenced above, Elbert has violated a number of supervision conditions and he is not properly registered as a sex offender.

### Recommendation

The Probation Office respectfully recommends the Court issue a warrant for Elbert's arrest. Since his release from custody, Elbert has repeatedly failed to reside at his approved residence in violation of his supervision requirement and federal sex offender registration laws. As outlined above, he has been given several opportunities to abate his conduct in an effort to bring himself into compliance with the law and supervised release. These opportunities, however, have been ignored. Presently, Elbert's actual residence is unknown, making it impossible for the Probation Office to monitor the conditions ordered by the Court, such as having no unsupervised contact with minors. As such, a recommendation for a warrant has been proffered.

Should the Court concur, the appropriate order has been attached. Should the Court desire other action, please advise.

Assistant U.S. Attorney Teresa A. Moore has been notified of the recommendation and concurs.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Michael B. Mattivi*

Michael B. Mattivi
Senior U. S. Probation Officer

MBM:mbm
cc: Teresa A. Moore, Assistant U.S. Attorney


Approved: ___/s/ Steven C. Richert___, Supervisor

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                    Case No.: 06-00257-01-CR-W-BCW

**DON L. ELBERT, II**

USM Number: 19128-045

Robin Fowler, CJA

## JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT:** was found in violation of the below mandatory, standard and special condition(s) of the term of supervision. The defendant is adjudicated guilty of these violation(s):

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory | The defendant shall not commit another federal, state or local crime. | 7/27/06 |
| Standard | The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | 7/27/06 |
| Standard | The defendant shall notify the probation officer ten days prior to any change in residence or employment. | 7/27/06 |
| Special | The defendant shall successfully participate in any mental health counseling program. | 9/25/13 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: March 25, 2014

/s/Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

Dated: March 25, 2014

Exhibit 2

AO 245D (Rev. 9/08-2/10) Judgment in a Criminal Case for Revocations
Case 4:06-cr-00257-BCW   Document 216   Filed 03/25/14   Page 1 of 4

Appellate Case: 14-1830   Page: 6   Date Filed: 06/24/2014 Entry ID: 4168072

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **36 Months on Count 1 of the Superseding Indictment.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **15 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pays in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall comply with all conditions previously imposed by the Court, including the restitution balance in the amount of $524,396.76.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                          Date


_____     _____
United States Probation Officer    Date

Exhibit 3

06-cr-00257

Don Elbert II 19128-045
6W Fort Scott St.
Butler, MO 64730

RECEIVED
APR 01 2014
BRIAN C. WIMES
U.S. District Judge
Kansas City, Missouri

In The United States District Court
for the Western District of Missouri

United States of America     )
                             )
                             )
    Plaintiff                )
    vs.                      )   Case No.
                             )   Notice of Appeal
Don Lee Elbert II            )
                             )
                             )
    Defendant                )

Comes now the Defendant Don Lee Elbert II pro se, And hereby gives notice of Appeal from the Judgment and Sentence imposed by this Court on March 25, 2014

Respectfully submitted this march day of 30, 2014

Don Elbert

UNITED STATES OF AMERICA v. DON L. ELBERT, II.

Case No. 06-00257-01-CR-W-ODS

Michael B. Mattivi
U.S. Probation Officer

<u>LIST OF VIOLATIONS</u>

**<u>Violation of Mandatory Condition, which reads, "The defendant shall not commit another federal, state, or local crime."</u>**

**<u>Violation of Standard Condition, which reads, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."</u>**

**<u>Violation of Standard Condition, which reads, "The defendant shall notify the probation officer ten days prior to any change in residence or employment."</u>**

On November 20, 2013, the Probation Office conducted a home visit at Elbert's approved and registered residence, 607 West 101st Terrace, Kansas City, Missouri. Elbert's uncle was contacted and reported Elbert had not spent a night at the house since this officer's last contact, which occurred on October 28, 2013. He advised Elbert had some clothing at the residence but had only spoken to him occasionally via telephone.

As of the date of this report, Elbert has failed to notify this officer of a change in residence and his official residence for purposes of his sex offender registration remains at 607 West 101st Terrace, Kansas City, Missouri.

**<u>Violation of Special Condition, which reads, "The defendant shall successfully participate in any mental health counseling program as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office."</u>**

On September 12, 2013, Elbert was instructed as to the conditions of release. At that time, he was advised he would be referred to Clinical Associates to address the above-cited condition. A referral was made and Elbert was scheduled to attend an assessment on September 25, 2013. He failed to make that appointment, citing transportation issues. At that time, he was instructed to contact the provider and arrange another appointment.

On October 28, 2013, this officer contacted Elbert at his residence due to his failure to reschedule his assessment. At that time, Elbert was provided the contact information for Clinical Associates and instructed to call the provider and schedule his assessment. To date, Elbert has yet to contact the provider.

Exhibit 4

Case 4:06-cr-00257-BCW   Document 201-2   Filed 11/22/13   Page 1 of 1

Appellate Case: 14-1830     Page: 11     Date Filed: 06/24/2014 Entry ID: 4168072

VIOLATION WORKSHEET                                       Date: December 17, 2013

1. Defendant: **Don L. Elbert, II.**
2. Docket No.: **06-00257-01-CR-W-BCW**
3. District/Office: **Western District of Missouri - Kansas City**
4. Original Sentence Date: **1/10/2008**

(If different from above)
5. Original District/Office: _____
6. Original Docket No.: _____
7. List each violation and determine the applicable grade (see §7B1.1):
   (to add additional rows, place cursor in last cell and Tab)

| Violations | Grade |
|---|---|
| The defendant shall not commit another federal, state or local crime | B |
| The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer | C |
| The defendant shall notify the probation officer ten days prior to any change in residence or employment | C |
| The defendant shall successfully participate in any mental health counseling program | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   **B**
9. Criminal History Category (see §7B1.4(a))   **IV**
10. Range of Imprisonment (see §7B1.4(a))   **12 to 18 months**
11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12. Unsatisfied Conditions of Original Sentence:

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution ($) **524,396.76**         Community Confinement _____

Fine ($)                                Home Detention _____

Other  _____                            Intermittent Confinement _____

Exhibit 5

13. Supervised Release

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 ( see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:
    **Custody and supervised release may not total more than life.**

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:
    **If the Court finds the revocation guideline range is not sufficient pursuant to factors in 18 U.S.C. 3553, it can vary to a sentence of not more than life**

15. Official Detention Adjustment (see §7B1.3(e)):  _____months  _____days
    **In custody of the U.S. Marshals since December 4, 2013.**

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2014 I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Robin D. Fowler*

Robin D. Fowler